## PAN AMERICAN AIRWAYS, Inc., v. QUILEZ et al.

### No. 11345.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1946.

Cody Fowler, of Miami, Fla., for appellant.

Joe Brown Booth, of Miami, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Libellee, Oscar Abello Ameller, a citizen of the Republic of Cuba, and the owner of the M/V Santa Martha, chartered his vessel to the Matanzas-Florida Line, S. A. [hereafter called the "Line"], a corporation under the laws of Cuba, under an agreement, in substance, whereby the own-er was to be compensated for the use of the vessel by one-half of its net earnings. No right to navigate or to direct or to control the vessel, or to restrict it in its operations, trade, or traffic was reserved to the owner.

While being operated under this agreement by the Line in the carriage of gasoline for the libellant from Port Everglades, Fla., to the port of Nuevitas, Cuba, the vessel and most of its cargo were lost. With the Line in bankruptcy, and the vessel lost, the shipper, proceeding by foreign attachment, sought to obtain a judgment in personam against the owner for the value of the lost cargo.

Libellant claims that the contract between the owner and the Line was one of affreightment under which the owner of the vessel was liable for the lost cargo. Libellee contends that the contract between him and the Line was a demise whereby the entire control, management, operation, navigation, and use of the vessel was in his lessee. It is conceded by Libellant that in the event the contract was a demise, and not a contract of affreightment, it cannot recover.

We think the lower Court was correct in holding that the contract was a demise and not a contract of affreightment. The mere fact that the owner was to be compensated by a percentage of the profit does not make him a copartner or a joint adventurer with the Line. In the absence of a showing that the owner retained some right to direct and control the operation of the vessel the agreement should be held to be a demise, and in the absence of an agreement to be responsible for losses occurring in its operation he should not be construed to be a partner or joint adventurer. In United States v. Shea, 152 U.S. 178, 179, 14 S.Ct. 519, 522, 38 L.Ed. 403, the Court said: "No technical words are necessary to create a demise. It is enough that the language used shows an intent to transfer possession, command, and control."

The contract between Ameller and the Line several times uses such language as "gives in rental to said company the boat", "the renting company", "sign the name of this company to rental contracts for boats", in view of which, and in the absence of any proof of the retention of, or exercise of, command, direction, and con-

trol of the vessel, we find, as did the lower Court, that the charter was a demise rather than a contract of affreightment.

The decree of the lower Court should be, and the same is hereby, affirmed.